IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| VIRGIL EURISTI MARTINEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-02-718 |
| | § | |
| DOUG DRETKE | § | |

## OPINION AND ORDER

Before the Court are Vouchers from two expert witnesses who provided testimony in support of the habeas petition of Virgil Euristi Martinez, a Texas prisoner under sentence of death. Dr. Theordore Perlman, a neurologist who testified at an Evidentiary Hearing before the United States Magistrate Judge, seeks payment of $4,000.00. Dr. Anand Mehendale, a neurologist who offered deposition testimony for Martinez, seeks payment of $4,500.00. Because the cumulative total exceeds the $7,500.00 statutory limitation, court-appointed counsel, Michael Charlton, has submitted a letter to justify the fee request. Having now given this matter careful consideration, the Court issues this Opinion and Order.

Under 28 U.S.C. § 848(q), expert witnesses like Dr. Perlman and Dr. Mehendale are entitled to payment for the services they rendered. This statute establishes a maximum limit for expert services, subject to waiver if approved by the Chief Judge of the Circuit, but, unlike attorney services, it establishes no maximum hourly rate for expert compensation. Accordingly, in the opinion of this Court, the compensation for expert witnesses under Section 848(q) should be determined under a "fair and reasonable" standard on a case-by-case basis. Cf. <u>United States v. Pope</u>, 251 F.Supp. 234, 241 (D. Neb. 1966)   In determining what is "fair and reasonable" compensation the Court must also be sensitive to its fiscal responsibility to use its limited

resources as effectively as possible. These resources are, after all, public funds, and the rate of compensation should, therefore, be comprehensible to the community at large.

To control costs while offering reasonable compensation, Congress has authorized an hourly rate of $160.00 for attorney services in death penalty cases. The law also requires that any court-appointed attorney in a death penalty case be highly qualified. See 21 U.S.C. § 848(q)(6) and (7) Certainly, such qualified attorneys could easily command a much higher rate in retained cases; however, the statutory compensation was only intended to ease the financial burden upon appointed counsel, it was never meant to eliminate that burden entirely or to mirror private sector rates. Cf. United States v. Carrevale, 624 F.Supp. 381, 383 (D. R.I. 1985)

Against this backdrop, it seems appropriate, in a fairly routine case like this one, to limit the compensation rate of qualified expert witnesses to that of court-appointed counsel. By doing so, the Court is not attempting, in any way, to demean the credentials or to criticize the normal billing rate of Dr. Perlman or Dr. Mehendale, it is simply determining fair and reasonable compensation within the context of a habeas petition being prosecuted at government expense. In such a context, litigation costs must be controlled and the effective administration of justice depends, in significant part, on the maintenance and enforcement of a reasoned cost/benefit vigil by the judiciary. Anthony v. Abbott Laboratories, 106 F.R.D. 461, 465 (D. R.I. 1985) Consequently, the Court finds that the amounts claimed by Dr. Perlman and Dr. Mehendale are, under the circumstances, excessive.

It appears that Dr. Perlman has spent 16 hours of time working on behalf of Martinez and it is, therefore, **ORDERED** that the Voucher of Dr. Theordore Perlman is **APPROVED** in the amount of **$2,560.00**.

Dr. Mehendale has spent 15 hours on Martinez' petition and it is, therefore, **ORDERED** that the Voucher of Dr. Anand Mehendale is **APPROVED** in the amount of **$2,400.00**.

Any objections to this Opinion and Order should be directed to the Chief Judge of the Circuit or the Circuit Judge to whom she has delegated such authority.

**DONE** at Galveston, Texas, this 5th day of October, 2005.

_____
Samuel B. Kent
United States District Judge